UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHILDES M. McCASLIN, IV ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:03-cv-1555-TAB-JDT |
| ) | |
| INTERNATIONAL BROTHERHOOD ) | |
| OF TEAMSTERS LOCAL 135, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER ON DEFENDANTS' BILL OF COSTS

On June 9, 2005, the Court granted Defendants' Motions for Summary Judgment, entered Judgment in favor of the Defendants, and awarded costs to Defendants. [Docket Nos. 87-88]. Accordingly, Defendants submitted their respective bill of costs to the Court. [Docket Nos. 89-90]. Plaintiff filed his objection to Defendant Teamsters Local Union No. 135's bill of costs on July 8, 2005. [Docket No. 91]. For the reasons set forth below, Plaintiff's objection is OVERRULED.

It is well settled that a prevailing party may recoup deposition transcription and copy costs upon entry of final judgment. Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920. In the absence of any statute or court rule, the only ceiling to recovery for such costs is that they be reasonable and necessary. Cefalu v. Village of Elk Grove, 211 F.3d 416, 427 (7th Cir. 2000). "Unless a court states a good reason to deny costs, it must award them." Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997).

Plaintiff does not oppose the costs sought by Defendant USF Holland, Inc. However, Plaintiff contends that Defendant Teamster's bill of costs is unreasonable for two reasons. First,

Plaintiff argues that the average rate per page of his two depositions exceeds the rates of the other depositions for which the Teamsters seek costs as well as the rate set by the Judicial Conference of the United States, Guide to Judiciary Policies & Procedures, Court Reporters Manual Ch.20, pt. 20.3 (1998).  [Docket No. 91, p. 2, ¶¶ 4-6].  Second, he asserts that the Teamsters did not negotiate a lower rate after receiving notice from the Plaintiff that he was able to do so.  [Docket No. 91, p. 2, ¶ 7].

The Court is not persuaded by Plaintiff's arguments, and it can find no good reason to deny Defendant Teamsters the costs it incurred deposing Plaintiff twice.  First, the Judicial Conference rates are not binding in the Southern District of Indiana.  Butler v. Good Samaritan Hospital, 2001 WL 1002472 (S.D. Ind. 2001).  Additionally, the uncertainty of litigation and the absence of any guarantee that the Teamsters would ultimately prevail at the time of deposition weighs against any inference that the Teamsters would intentionally incur unreasonable costs. See Anderson v. Griffin, 397 F.3d 515, 522 (7th Cir. 2005).

Accordingly, the Court overrules Plaintiff's objection and awards costs of $ 2,141.42 in favor of the Teamsters and against Plaintiff, and $ 3,641.58 in favor of USF Holland, Inc., and against the Plaintiff.

Dated: 08/22/2005

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

John Anton Berg
CONNELLY SHEEHAN MORAN
jberg@csm-law.com

Kevin P. Connelly
CONNELLY SHEEHAN MORAN
kconnelly@csm-law.com

Rachel R. Cowen
CONNELLY SHEEHAN MORAN
150 South Wacker Drive, Suite 1600
Chicago, IL 60606

Edward R. Hannon
HANNON HUTTON & ASSOCIATES, P.C.
ehannon@hannonhutton.com

Geoffrey S. Lohman
FILLENWARTH DENNERLINE GROTH & TOWE
glohman@fdgtlaborlaw.com

Donald S. Smith
RILEY BENNETT & EGLOFF LLP
dsmith@rbelaw.com

Fred O. Towe
FILLENWARTH DENNERLINE GROTH & TOWE
ftowe@fdgtlaborlaw.com